CAMPBELL'S ADM'R

*v.*

RICHMOND & D. R. Co.

(*Supreme Court of Appeals of Virginia, April 4, 1895.*)

[21 S. E. Rep. 480.]

**Action against Railroad Company—Injury to Person on Track—Contributory Negligence.**

The deceased passed along defendant's railroad every morning, and crossed it, going to his work. On the morning in question, between daylight and sunrise, he had been walking for some distance by the side of the track, and towards an express train approaching at a high rate of speed, and tried to cross the track in front of the train, and was killed. *Held*, that defendant was not liable for his death.

Error to circuit court, Orange county.

Action by William H. Ricketts, administrator of Scott Campbell, against the Richmond & Danville Railroad Company. Judgment for defendant, and plaintiff brings error.    Affirmed.

*James G. Field*, for plaintiff in error.

*Kirkpatrick & Blackford*, for defendant in error.

HARRISON, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Orange county rendered on the 3d day of May, 1892, in an action brought in said court by William H. Ricketts, sheriff of Orange county, and, as such, administrator of Scott Campbell, deceased, against the Richmond & Danville Railroad Company.

The object of the suit was to recover from the defendant damages for killing the plaintiff's intestate while crossing the track of said defendant company.

It appears from the record that Scott Campbell lived within a mile and-a half of Barboursville, in Orange county, was perfectly familiar with the railroad at that place where it crosses a public highway, and was in the habit of passing along the highway, which runs near the depot at Barboursville, every morning early, and crossing the track at that point, in going to his work.

It appears that on the —— day of October, 1889, he started as usual to his work, between daylight and sunrise, and that while crossing the track of the defendant company at the point of intersection with the public highway he was struck by the engine and killed. At the trial, after the evidence on both sides was closed, the defendant demurred to the evidence, and the plaintiff joined in the demurrer. The amount of damages was inquired of by the jury, and a verdict returned for the plaintiff fixing his damage at $2,000, subject to the opinion of the court on the demurrer to the evidence. The court sustained the demurrer, and gave judgment in favor of the defendant; and the case is now before this court for review of that judgment.

It is contended that the plaintiff's intestate lost his life in consequence of the negligence of the defendant railroad company.

I have carefully examined the evidence in the record proper to be considered upon a demurrer, and there is no proof of negligence on the part of the defendant, and full proof of the grossest and most incomprehensible negligence on the part of the plaintiff's intestate. He was walking along a public highway, in full view of the railroad track, for a long distance, until he got within 25 yards of the crossing. All this time the fast express train is thundering towards him. He was again in sight of the track just before reaching it, and, instead of waiting

until the train passed, he was guilty of the folly of making an effort to cross the track in front of a fast-flying train, and lost his life.   This case is controlled by the case of Johnson's Adm'r v. Railway Co., and the numerous cases therein cited, decided at the present term of this court.   21 S. E. 238.

There is no error in the judgment of the circuit court, and it is affirmed.